*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOHNATHAN LAMAR BURKS,

      Defendant-Appellant.

UNPUBLISHED
February 27, 2020

No. 335955
Wayne Circuit Court
LC No. 16-002935-03-FC

ON REMAND

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

This case returns to us by order of our Supreme Court for reconsideration of defendant's sentence in light of *People v Beck*, 504 Mich ___; ___ NW2d ___ (2019) (Docket No. 152934). *People v Burks*, ___ Mich ___ (2019) (Docket No. 157838). Once again, we affirm defendant's sentence of 18 to 40 years' imprisonment for first-degree home invasion, MCL 750.110a(2).

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant was convicted for his role in aiding and abetting his two co-defendants in a shooting that was precipitated by a dispute over tennis shoes. One of defendant's accomplices burst into a home and shot three people. A three-year-old child died as a result of the shooting, and two adults were injured. Although the jury acquitted defendant of murder and assault charges, he was convicted of first-degree home invasion and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant was sentenced as a third-habitual offender, MCL 769.11, to 18 to 40 years' imprisonment for the home invasion conviction and two-years' imprisonment for the felony-firearm conviction. On appeal, we rejected defendant's challenge to the trial court's failure to submit the defense of duress to the charges before the jury and the claim that the home invasion sentence was unreasonable. *People v Burks*, unpublished per curiam opinion of the Court of Appeals issued April 3, 2018 (Docket No. 335955). In lieu of granting defendant's application for leave to appeal, our Supreme Court vacated this Court's judgment addressing the sentence for first-degree home invasion and remanded for reconsideration, but denied leave in all other respects.

-1-

## II. APPLICABLE LAW

A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness, and there is no requirement that the sentencing court articulate a substantial and compelling reason for that departure. *People v Lockridge*, 498 Mich 358, 364-365, 391-392; 870 NW2d 502 (2015). The legislative sentencing guidelines are advisory, and the appropriate inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). On appeal, the reasonableness of a sentence is reviewed for an abuse of discretion. *Id*. at 471. To determine whether a departure sentence is more proportionate than a sentence within the guidelines range, the trial court should consider whether the guidelines accurately reflect the seriousness of the crime, factors not considered by the guidelines, and factors considered by the guidelines, but given inadequate weight. *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). To facilitate appellate review, the trial court must justify the sentence imposed with an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. *Id*.

In *Beck*, our Supreme Court addressed the propriety of considering acquitted conduct when sentencing. In that case, the defendant was convicted of felon in possession of a firearm, fourth offense, and felony-firearm, second offense, but acquitted of open murder and additional attendant weapon offenses. The sentencing judge imposed a departure sentence that, in part, relied on his finding by a preponderance of the evidence that the defendant had committed the murder of which the jury had acquitted him. *Id*. at ___; slip op at 3. Our Supreme Court held that the sentencing court improperly relied on acquitted conduct to sentence defendant, stating:

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance of the evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continued to be presumed innocent. "To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself." [*Id*. at ___; slip op at 18-19 (citations and footnote omitted).]

Accordingly, conduct that is safeguarded by the presumption of innocence may not be evaluated using the preponderance of the evidence standard without violating due process. *Id*. at ___; slip op 19. The *Beck* Court defined the term "acquitted conduct" as conduct that "has been formally charged and specifically adjudicated by a jury." *Id*. at ___; slip op 13.

## III. ANALYSIS

On remand, defendant contends that the trial court improperly considered the murder of a three-year-old child in sentencing defendant above the advisory guidelines contrary to *Beck* because he was acquitted of that crime. We disagree.

Although defendant's minimum sentence guidelines range was calculated at 57 to 142 months, the court imposed a minimum term of 216 months (18 years) for the home invasion, exceeding the top end of the guidelines range by approximately six years. The trial court explained its sentence by stating:

> Well, [defendant], if you have a small child, then you of all people should have known that possible harm and what possible heartache could come from gunfire being utilized in a small residential place where there was a three-year-old child.
>
> In this particular case you mobilized an angry, volatile young person that you knew to be angry and volatile, and who had a penchant for using guns to come over and rally with you because of someone's missing tennis shoes.
>
> A three-year old child has no future. There is a heartache for that family because it was your idea. You were the one who instigated the phone call and all of the action that led to a three-year old child being murdered on Easter Sunday.
>
> I know that your position has been that you did not do anything, that you were just there watching. Well, the jury didn't believe that, and I don't believe that. Nobody brings spectators to a murder. You were involved. You were there in the car with the shooter driving there, and you were there with the shooter driving away, and you were prepared to be the wheel man to drive away. And, but for your active involvement, that three-year old child would be alive today. You bear enormous responsibility.

The trial court additionally remarked that the guidelines did not adequately reflect the serious harm that resulted. Although trial court commented on the death that resulted from the shooting, the trial court did not equate defendant's conduct with the murder and sentence him accordingly for an acquitted murder. Rather, the trial court cited to defendant's role in the killing as a catalyst for the circumstances that were placed into motion and the individuals prone to violence that defendant brought into the fray over tennis shoes. We conclude that sentencing court's rationale for imposing its sentence did not violate *Beck* and adhere to our prior rejection of defendant's contention that the sentence was improperly premised on acquitted conduct:

> Defendant argues that his sentence was not reasonable or proportionate because he was acquitted of aiding and abetting in the three-year-old's death, because he did not carry a gun to the scene of the crime, and because he did not have any previous "high" felonies. However, despite the jury's determination that the prosecutor failed to prove beyond a reasonable doubt that defendant aided and abetted in the murder or as to AWIM, there was evidence that defendant's actions set in motion the events leading to the shooting death and injuries. As noted by the trial court, defendant's behavior in being a part of the group that produced the death and injuries in retaliation for what defendant thought had been an assault on his brother was not adequately accounted for in the sentencing guidelines. Contacting a violent person, knowing that he is violent and utilizes firearms, immediately after learning of his brother's situation, along with participating in the retaliation,

defendant properly shares the blame for the carnage, at least for purposes of a sentencing departure. The trial court's view that defendant's phone call to the gunman over stolen shoes was the catalyst for the crimes, in contrast to defendant's view that he was merely a spectator, was supported by the evidence. Defendant also has two prior felonies. The trial court did not abuse its discretion in imposing the upward departure, as the minimum sentence of 18 years was proportionate to the seriousness of the circumstances surrounding the offense and the offender. [*Burks*, slip op at 4-5.]

Finally, defendant contends that we must reconsider the score of 100 points imposed for offense variable (OV) 3, addressing physical injury to a victim. "When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). Our Supreme Court remanded for consideration of the impact of the *Beck* decision and did not include any direction regarding the score of the offense variables. Accordingly, we do not address it.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan